```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**CARLTON WAYNE SOLTON,**

                    **Plaintiff,**

       **v.**                                  **CASE NO. 19-3158-SAC**

**ALISA HURDE, et al.,**

                    **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner held at the Saline County Jail, proceeds pro se and in forma pauperis.

**Nature of the Complaint**

The complaint names as defendants three parole officers, an assistant district attorney, an officer of the Salina Police Department, two Salina correctional officers, and a Salina transport officer.

In Count 1 of the complaint, plaintiff complains that he was subjected to a false arrest based on a conspiracy. He complains of the "malicious institution of a baseless criminal prosecution" and cites "the right to be free from criminal prosecution except upon probable cause." In Count 2, he states that he was injured on July 31, 2019, incident to a transfer by jail personnel. He did not seek medical attention on that day, but on August 2, 2019, he asked for medical care and was told to put in for sick call. He appears to claim that he should not be required to proceed through sick call procedures and complains that he now suffers chronic back pain.

The Court notes that plaintiff was granted leave to file an

amended complaint but has not done so.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

The Court has reviewed the complaint and also takes judicial notice that plaintiff was found guilty in October 2019 of domestic battery, criminal threat, and unlawful possession of a firearm.[1]

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), where a prisoner

---

[1] Plaintiff was convicted in the District Court of Saline County in case Nos. 19-cr-000246 and 19-cr-000247.

seeks damages under § 1983, the court must consider whether a judgment in the plaintiff's favor would necessarily implicate the validity of his conviction or sentence. *Heck,* 512 U.S. at 487. If so, the Court must dismiss the complaint. *Id.* The holding in *Heck* "avoids allowing collateral attacks on criminal judgments through civil litigation." *McDonough v. Smith*, 139 S.Ct. 2149, 2157 (2019). Here, because a resolution in plaintiff's favor of his claims of a baseless prosecution would undermine the validity of his conviction, the claims must be dismissed until he proves that the conviction has been reversed or otherwise overturned. *Heck*, 512 U.S. at 486-87.

In Count 2, plaintiff appears to claim that he received inadequate medical attention. The complaint states that plaintiff did not seek medical attention immediately after the accident because he had no visible injuries. A few days later, he experienced back pain and filed a grievance seeking medical attention. The response advised him to sign up for sick call. Plaintiff refused to do so, and he contends he should not have to proceed through sick call. He reasons that he should have been seen by a nurse after the accident.

Because it appears plaintiff was a pretrial detainee at the time of the accident, his right to adequate medical care is guaranteed by the Due Process Clause of the Fourteenth Amendment. *Oxendine v. Kaplan*, 241 F.3d 127, 1275 n. 6 (10th Cir. 2001).

Under the Due Process Clause, "pretrial detainees are … entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985).

Under the Eighth Amendment, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care,

and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). This standard has both objective and subjective components. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(citing *Estelle*, *id*.).

Under the objective portion of the analysis, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation marks and citations omitted).

Under the subjective portion of the analysis, the defendant prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Within this framework, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's constitutional rights. *See Estelle*, 429 U.S. at 105-06 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Likewise, a difference in opinion between a prisoner and medical personnel is insufficient to state a claim for relief. *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). Finally, a delay in

providing medical care violates the Constitution only where that delay resulted in substantial harm. *Oxendine*, 241 F.3d at 1276 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)).

In this case, it appears that plaintiff was advised on how to access medical services, but it is not clear whether he did so. The complaint reflects that he has been given some medical advice by nurses, but to avoid the dismissal of his claim, plaintiff must explain what steps he has taken to obtain medical care. Plaintiff will be given the opportunity to submit an amended complaint.

## Pending motions

Two motions filed by plaintiff are pending before the Court, a motion to appoint counsel and a motion for summary judgment.

The Court first addresses plaintiff's motion to appoint counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues,

and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979. The Court has considered the record and finds the appointment of counsel is not warranted in this matter. As discussed, plaintiff's claims concerning the criminal charges against him are barred by *Heck v. Humphrey*, and his claim concerning medical care requires additional facts to allow the Court to screen it.

Plaintiff's motion for summary judgment is based upon his claim concerning the criminal proceedings against him. Because those claims must be dismissed, the motion will be denied.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's claims concerning the criminal proceedings against him are dismissed as barred by *Heck v. Humphrey*.

IT IS FURTHER ORDERED that on or before **July 10, 2020,** plaintiff may submit an amended complaint concerning his claims alleging a denial of adequate medical care. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 7) and motion for summary judgment (Doc. 8) are denied.

**IT IS SO ORDERED.**

DATED: This 10th day of June, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge