**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CARLTON SOLTON, JR.,**

                    **Plaintiff,**

          v.                                            **CASE NO. 19-3158-SAC**

**ALISA HURDE, et al.,**

                    **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff commenced this action while in pretrial detention at the Saline County Jail. He proceeds pro se and in forma pauperis.

**Background**

This matter is before the court on plaintiff's amended complaint.

Plaintiff sues Sergeant Tina Miller, Deputy Komarek, and Deputy Leazer. He claims that on July 31, 2019, he suffered great bodily harm due to negligence and thereafter was denied adequate medical attention.

Although the amended complaint does not explain the underlying facts, the court takes note that the original complaint states that on that day, plaintiff was in transit from court proceedings to the Saline County Jail. Defendant Komarek, who was driving the transport van, braked to avoid an overhead door at the jail sally port, causing plaintiff to fall from his seat.

The amended complaint states that plaintiff suffered unspecified "great bodily harm" as a result. Plaintiff complains that he should have been given an initial screening after the incident. He states

that after he filed a grievance and complained, he was seen by medical staff. He complains of unnecessary delay in providing medical care.

### Analysis

Considering both the original and amended complaints, it first appears that plaintiff alleges negligence by the transport officer, who slammed on the brakes to avoid hitting a sally port door and caused plaintiff to fall from his seat in the transport van. However, claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986)(holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). *See also Farmer v. Brennan,* 511 U.S. 825, 835 (1994)("Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety.") (quotation omitted).

Plaintiff next claims that he was denied adequate medical care after this incident.

"The Fourteenth Amendment prohibits deliberate indifference to a pretrial detainee's serious medical needs." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020). In order to state a claim for a failure to provide medical care, plaintiff's allegations must satisfy "both an objective and a subjective component" with respect to each defendant. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

Under the objective portion of the analysis, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation marks and citations omitted).

Under the subjective component, "the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006)(citation and quotation marks omitted). "'[A]n inadvertent failure to provide adequate medical care' does not give rise to an Eighth Amendment violation." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

In the original complaint, plaintiff acknowledges that he did not seek medical care immediately after the accident. (Doc. 1, p. 7, "There [were] no visible injuries sustained [during] this incident, so I didn't request medical.")

The original complaint also reflects that plaintiff filed a grievance three days later, on August 2, 2019, in which he sought medical attention for back pain. In response, defendant Leazer advised him to fill out a sick call slip. Plaintiff argued that he did not believe he should be required to seek attention through the sick call procedure. It appears that he was able to see nurses at the jail for medical advice (Doc. 1, p. 8).

These facts, liberally construed, do not suggest that plaintiff has been subjected to deliberate indifference. First, plaintiff did not request medical attention in the immediate aftermath of the accident, and it does not appear that there was any objective sign of injury at that point. Next, although he did not agree with the method provided to seek medical attention later, it is clear that he was

advised how to request medical care. These circumstances do not suggest that the defendants acted with deliberate indifference to plaintiff's condition.

Finally, although plaintiff disagrees with the effectiveness of the medical advice he received, it is settled that "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation, absent evidence the prison official knew about and disregarded a substantial risk of harm to the prisoner's health or safety." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (brackets, citation, and internal quotation marks omitted). S*ee also Estelle*, 429 U.S. at 106, ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

For these reasons, the court concludes that plaintiff has failed to state a claim for relief based upon the accident in the transport van or the subsequent response to his request for medical attention.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 6th day of May, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg